No. 4570.

J. W. WEATHERLY, Agent, v. A. H. BAKER. G. JOHNSON, Intervenor.

The lessee has the right to sublease when there is no interdiction to that effect, and on such terms as may be agreed on between him and the sublessee, and where it is shown that the sublessee did not make any payment in anticipation of the terms of his contract, he is not liable to the lessor for more than he owes the principal lessee. No law is referred to by the plaintiff which requires the lease made in this instance by the principal lessee to the sublessee to be in writing.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. *Reeve Lewis* and *J. W. Montgomery*, for plaintiff and appellant. *H. W. Drake* and *H. R. Steele*, for intervenor.

Justices concurring: Ludeling, Howell and Taliaferro.

HOWELL, J. The plaintiff brought suit on a lease and caused certain property on the premises to be provisionally seized. One G. Johnson, as a sublessee of the defendant, intervened, claiming to be the owner of a portion of the property seized, and from a judgment in his favor the plaintiff has appealed.

He complains that the sublease was a verbal one, unknown to him, and the terms thereof so fixed as to enable the principal tenant to shield the price of the sublease from the pursuit of the principal lessor; and he asks that the court will expound the law on this subject for the benefit of owners of plantations who may wish to rent their lands.

Article 2625, R. C. C., declares that: "The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted. The indiction may be for the whole, or for a part; and this clause is always construed strictly."

Articles 2705 and 2706, give to the lessor the right of pledge on all the movable effects of the lessee found on the premises (except certain articles exempted), and also those of the under tenant, *so far as the latter is indebted to the principal, at the time when the proprietor chooses to exercise his right.* A payment made *in anticipation*, by the under tenant to his principal, does not release him from the owner's claim.

From these provisions of the law, it is clear that, as there was no interdiction, the defendant had the right to sublease, as he did, and on such terms as might be agreed on. And as it is abundantly shown that the intervenor did not make a payment in anticipation of the terms of his contract, he was not liable to the plaintiff for more than he owed to the principal lessee. This he admitted and did not claim the property to that extent. We are referred to no law which requires such leases to be in writing.

We think the judge *a quo* has done justice.

Judgment affirmed.