## No. 4651.

J. E. CAMPBELL VS. E. V. FOWLER ET AL.    M. A. SOUTHWORTH, INTERVENOR.

It is proved that the sub-lessee, who intervenes and enjoins in this case, was not indebted to the lessees of the plaintiff at the time of the provisional seizure by plaintiff, the lessor. Therefore the court below did not err in perpetuating the injunction and ordering the furniture of the intervenor to be restored to him, but there was error in awarding to the intervenor seventy-five dollars damages, as attorney's fees, occasioned by the seizure of the furniture. There is no law authorizing the allowance of counsel fees to a plaintiff in injunction in a case like this.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Walter H. Rogers,* for plaintiff and appellant. *Hornor & Benedict,* for defendants and appellees.

WYLY, J. Plaintiff sued out a writ of provisional seizure against the defendants, the lessees of his house, No. 396 St. Charles street, and under this writ the furniture described in the petition belonging to the sub-lessee, M. A. Southworth, was seized.

Thereupon Southworth intervened, enjoining the seizure of his property, and claiming damages. It is proved the sub-lessee was not indebted to the lessees at the time of the provisional seizure by plaintiff, the lessor.

We think the court did not err in perpetuating the injunction and ordering the furniture of the intervenor to be restored to him (Revised Code, 2705), but there was error in awarding to the intervenor seventy-five dollars damages as attorney's fees, occasioned by the seizure of his furniture. There is no law authorizing the allowance of counsel fees to

a plaintiff in injunction in a case like this. 14 An. 701, 738; 17 L. 265; 4 An. 304; 12 An. 239.

It is therefore ordered that the judgment herein be amended by striking out the amount of seventy-five dollars awarded the intervenor as counsel fees, and, as amended, that the judgment herein be affirmed, appellee, M. A. Southworth, paying costs of appeal.