(50 South. 601.)

No. 17,700.

TULANE IMPROVEMENT CO., Limited, v. W. B. GREEN PHOTO SUPPLY CO. et al.

In re TULANE IMPROVEMENT CO., Limited.

(Nov. 2, 1909.)

1. LANDLORD AND TENANT (§ 246*)—RIGHT OF PLEDGE ON SUBLESSEE'S EFFECTS—LIMITATION TO AMOUNT DUE — MEASURE OF — REV. CIV. CODE, 2706.

Such right of pledge is restricted to the amount owing by the sublessee at the moment of the seizure, and cannot be extended by implication to future rents. The measure of the lessor's pledge is the sum of rents that have accrued to date of seizure, although the same may not then be exigible under the terms of the sublease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 997; Dec. Dig. § 246.*]

2. LANDLORD AND TENANT (§ 246*)—RIGHT OF PLEDGE ON SUBLESSEE'S EFFECTS—DEFENSE TO.

The statutory right of pledge of the lessor on the effects of the sublessee cannot be affected by the circumstance that the sublessee has given to the principal lessee negotiable notes for the rents accruing from month to month, and that said notes are outstanding in third hands.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 997; Dec. Dig. § 246.*]

Provosty, J., dissenting.

(Syllabus by the Court.)

The Tulane Improvement Company, Limited, having obtained judgment against the W. B. Green Photo Supply Company for rent, proceeded by rule against J. D. Bloom, a subtenant of the Photo Supply Company. The rule was dismissed, and plaintiff appealed to the Court of Appeal, where the judgment was affirmed, and plaintiff applies for certiorari or writ of review to the Court of Appeal. Reversed, and rule made absolute to extent indicated.

Carroll, Henderson & Carroll, for applicants. Denegre & Blair, for respondent Bloom.

LAND, J. Plaintiff, having obtained judgment against the defendants for rent of a building, proceeded by rule against J. D. Bloom, a subtenant of the defendant Photo Supply Company, to compel him to pay to the civil sheriff of the parish of Orleans $75 per month for each of the months of July, August, and September, 1908, due by him to the lessee. The mover in rule represented that at the date of the provisional seizure (July 29, 1908) the subtenant was occupying a portion of the leased premises, and continued to occupy the same until October 1, 1908; that the effects of said sublessee on the leased premises were seized under the writ of provisional seizure, but were, by subsequent agreement, released unto said subtenant as if on bond by him executed according to law.

In his answer to the rule J. D. Bloom admitted that he was a subtenant of the defendant under a sublease which expired September 30, 1908, and that he occupied the premises until October 1, 1908; that the writ was levied July 29, 1908, and his effects were released from seizure pursuant to agreement as alleged in the rule. But the respondent denied the other allegations, and especially that he was indebted unto the defendant lessee at the date of the seizure, having paid the rent note falling due July 1, 1908. Respondent further averred that under his sublease he had executed and delivered to the defendant his several ne-

gotiable notes for $75 each, for value received in rent, falling due August 1, 1908, September 1, 1908, and September 30, 1908, which had been negotiated before maturity and had passed into third hands prior to the date of said provisional seizure.

The rule was tried and dismissed in the district court, and thereupon the plaintiff appealed to the Court of Appeal, parish of Orleans, which, after having considered the cause, affirmed the judgment. The case comes before the Supreme Court on a writ of review.

The record shows that the Court of Appeal based its judgment on the text of article 2706 of the Revised Civil Code, which reads:

"This right of pledge includes not only the effects of the principal lessee or tenant, but those of the undertenants, so far as the latter is indebted to the principal lessee at the time when the proprietor chooses to exercise his right."

The Court of Appeal construed this article to mean an indebtedness due and exigible according to the terms of the sublease at the time of the provisional seizure, and cited several authorities in support of its conclusion.

· In Vairin & Co. v. Hunt et al., 18 La. 498, the word "indebted" was construed to mean "owing" at the time of the provisional seizure.

In Kittredge & Co. v. Ribas, 18 La. Ann. 718, the sublessee had paid his monthly rent of $40 punctually at the end of each month, and not by anticipation, and the court held that the lessor's provisional seizure of the effects of the subtenant was illegal.

In Arent v. Bone, 23 La. Ann. 387, the plaintiff, a sublessee, recovered a judgment against the defendant, the lessor, for the value of her property seized and sold, on the ground that she was not indebted to the lessee at the time the provisional seizure

was levied on her property. In Weatherly v. Baker, 25 La. Ann. 229, the sublessee had paid all he owed according to the terms of the sublease. In Campbell v. Fowler, 28 La. Ann. 234, the facts were similar and the sublessee's injunction was maintained.

In none of these cases does it appear that the sublessee was indebted, under the terms of the sublease or otherwise, to the lessee at the time of the seizure.

Article 2706 is a reproduction of article 2676 of the Civil Code of 1825, which was promulgated in both the English and French languages. The rule has been to give effect to both texts. Durnford v. Clark, 3 La. 202. Article 2706 of the Revised Civil Code of 1870 reads as follows:

"This right of pledge includes not only the effects of the principal lessee or tenant, but those of the undertenant, so far as the latter is indebted at the time when the proprietor chooses to exercise his right. A payment by anticipation by the undertenant to his principal does not release him from the owner's claim."

The French text of article 2676 of the Civil Code of 1825 reads as follows:

"Ce droit de gage s'étend non seulement sur les effets mobiliers du principal fermier ou locataire, mais sur ceux du sous-fermier ou locataire, jusqu'à concurrence de la somme que celui-ci se trouve devoir au principal fermier ou locataire, au moment où le propriétaire exerce son droit."

"Le paiement fait par anticipation par le sous-locataire au locataire principal ne décharge point le sous-locataire envers le propriétaire."

A comparison of the two texts will show that the words "indebted at the time" were used as the equivalent of the French words, which we translate, "the sum which the sublessee found himself owing at the moment of the seizure."

Article 1753 of the Code Napoléon differs somewhat in verbage, reading:

"À concurrence du prix de sous-location dont il peut être débiteur au moment de la saisie."

Article 1753, Code Napoléon, contains an additional clause providing that payments made by the sublessee in accordance with

the terms of his lease or in accordance with local usage should not be considered as made in anticipation.

The framers of the Civil Code of 1825 deliberately omitted the foregoing clause, and therefore, it may be inferred, did not intend that the question of payments in anticipation should be governed by the stipulations of the sublease.

What is owing at the moment of the seizure is the measure of the sublessee's liability to the lessor. This necessarily excludes future rents, which may never accrue. If the sublessee continues to occupy the premises under the sublease, the lessor may seize again if the sublessee refuses to pay him. Any other doctrine would leave the sublessee exposed to seizure for future rents, and would work grave injustice.

In the case at bar the sublessee at the moment of the seizure was owing rent for one month less one day, and we think that the plaintiff is entitled to such accrued rent and no more.

The contention that the giving of the rent notes by the sublessee operated a payment by anticipation is without force. The notes were mere promises to pay the rent to the lessor or other holder.

It is equally evident that the right of pledge conferred by law on the lessor was not affected by the contract between the lessee and the sublessee or the giving of the notes in question. The contrary doctrine would enable the sublessee in every case to defeat the lessor's pledge by giving negotiable notes.

It is to be noted that this is a proceeding in rem against the effects of the sublessee, and not a direct action against him. Plaintiff's claim is based on the seizure alone, which was released immediately as if on bond. There is no pretension that the rents for August and September accrued during the seizure.

It is therefore ordered that the judgment of the Court of Appeal and the judgment of the district court herein be annulled, avoided, and reversed; and it is now decreed that the plaintiff's rule be made absolute to the extent of ordering that the defendant Jefferson D. Bloom pay to said plaintiff the sum of $72.50, with legal interest thereon from October 1, 1908, until paid, and that defendant pay all costs of this litigation in the three courts.

See dissenting opinion of PROVOSTY, J., 50 South. 603.