BREAUX, O. J.
Plaintiff sued on a promissory note before maturity, and prayed for judgment individually and in solido.
It bore interest from maturity and 10 per cent, fee of attorney.
The note was signed by Marion M. Magee, principal, and indorsed by Joe. N. Magee, A. C. Williams, O. A. Jenkins, and W. J. Jones, as sureties; it was indorsed by B. O. Bickland as a transfer in favor of plaintiff.
Judgment was rendered against the defendants Joe. M. Magee, A. O. Williams, C. A. Jenkins, and W. J. Jones individually and in solido for the balance due on the note of $2,133.03, and interest and fee of attorney claimed.
Plaintiff’s demand is, so far as relates to ‘M. M. Magee, rejected and dismissed.
On the petition of Joe. N. Magee, A. G. Williams, O. A. Jenkins, and W. J. Jones for a suspensive and devolutive appeal, an order of suspensive appeal was granted to petitioners.
The attorneys for Marion M. Magee accepted service.
Plaintiff answered the app'eal of the petitioners above named, alleged that the appeal is frivolous and was taken merely for delay, and that the Hackley State Bank, plaintiff and appellee, is entitled to an amendment of the judgment in the sum of $250, as damages therefor.
[1] Subsequent to the filing of the answer, the plaintiff and appellee filed a motion to dismiss the appeal on the ground that defendant Marion M. Magee is a necessary party to the appeal and that he was not made a party.
On the Merits.
The sureties severed in their defense from the principal.
The answer of the principal, M. M. Magee, is that he was declared a bankrupt on the 16th day of December, 1907, in the United States District Court, and has received his discharge; that the indebtedness was outstanding at the time that he was adjudicated a bankrupt; that plaintiff and holder of these notes was well aware of these facts.
The answer'of the sureties denies indebtedness.
They admit that they indorsed the note, but allege its payment.
Furthermore, that a large amount of the note was for usurious interest.
The principal has made no proof of any fact pertinent to the issue. He failed to prove that he ever made a surrender in bankruptcy.
The same is true of the other defendants; that is, they failed to prove anything effective in their defense.
[2] As to the defendants sureties in solido, it is too well settled for discussion that one not a party to a note, who puts his name upon it, is presumed to have signed as surety and is bound in solido as between him and the owner and holder of the note.
The judgment was properly rendered against each for the amount claimed, even though the demand was rejected as against the principal.
The appellee asks for damages for a frivolous appeal.
Having moved to dismiss the appeal after it had prayed for damages, had this motion to dismiss been granted, it would have disposed of the previously made demand fox-damages.
To return to this demand after it had been virtually abandoned presents an unusual feature.
[3] This court will not be hasty in allowing damages on the ground urged unless it be evident that the right was resorted to-only for mere delay.
The plaintiff receives interest at 8 per cent, and 10 per cent, fee of attorney.
*1011 This does substantial justice.
It is ordered, adjudged, and decreed that the judgment appealed frbm is affirmed, at appellant’s costs.