## 5552.

### (Court of Appeal, Parish of Orleans.)

## U. MARINONI, JR. vs. LEOPOLD LEVY.

1. The statutory right of pledge of the lessor on the effects of the sub-lessee cannot be affected by the fact that the sub-lessee has given to the principal lessee negotiable rent notes which are outstanding in the hands of a third party.

2. The trend of jurisprudence is to the effect that the negotiability of a rent note is not affected by the fact that its consideration is to be hereafter realized or that from some contingency it may never be enjoyed, so long as the obligation retains its un-

conditional character and the certainty of payment in money of a fixed sum on a fixed day.

3. Act 64 of 1904, known as the Negotiable Instrument Law, is mainly intended to codify the law merchant as settled by the Courts. Unless its language clearly shows an intention to establish a new rule, it will be construed as merely declaratory of the jurisprudence as it stood before its adoption.

4. The Statute as construed by the text writers and the Courts, has left unimpaired the jurisprudence existing at the time of its adoption, on the subject of the negotiability of rent notes.

Appeal from the Civil District Court, Division "E."

Chas. F. Claiborne, for plaintiff and appellee.

Patorno & Smart, for appellant.

Hall, Monroe & Lemann, attorneys.

DUFOUR, J.—The defendant, a lessee of plaintiff, sub leased to Grimaldi and pledged the sub-lessee's rent notes to the Morgan State Bank.

Upon the lessee's failure to pay the rent as due, the lessor provisionally seized, and the sub-lessee in order to protect his possession, deposited the amount of rent due by him to Levy. He then intervened in this suit and made the pledgee bank a party, and from a judgment in favor of plaintiff for the amounts deposited and in favor of the bank for the amount due it by Levy under the pledge, the intervenor has appealed.

The correctness of the judgment in favor of plaintiff is beyond dispute, the statutory right of pledge of the lessor on the effects of the sub-lessee cannot be affected by the fact that the sub-lessee has given to the principal lessee negotiable rent notes which are outstanding in the hand of a third party. **124 La., 619.**

The appellant contends that he is not liable because, on the face of the note, it is stipulated that the consideration is rent to be received and, owing to the principal lessee's default, the value was not received.

This is equivalent to a claim that the recital in the note that the consideration is contingent and to be hereafter realized destroys the negotiability of a rent note.

Our jurisprudence is to the contrary.

It is settled law that the knowledge of a party that the consideration of a rent note is future and contingent will not make him liable to the equities between the original parties. It cannot affect the negotiability of a note that its consideration is to be hereafter realized, or that from some contingency it may never be enjoyed. Any lessee, who gives his negotiable notes for the payment of future rents, incurs the risk of having to pay the notes and rent both. Whether the consideration be rent to be received, the price of real estate, or the giving of mortgage security, its recital in the note, or knowledge of the fact by the holder, will not impair the negotiability of the obligation, if its unconditional character and the certainty of payment in money remain otherwise unaffected.

14 An., 177; 14 An., 47; 39 An., 865; 45 An., 353.

The same rule prevails in other jurisdictions and it is stated as follows, by a distinguished text writer:

"The negotiability of the instrument is not impaired by recitals or statements upon its face which merely state the consideration upon which it was made and impose no other liability upon any party thereto than that for the payment of the sum of money therein expressed."

. 1 David on Negot. Ins., Sec., 51 A.

See, also, 30 S. W. R., 1077; 63 S. E. R., 238.

Appellant contends that, even if the jurisprudence be as stated above, it has been superseded and modified by the express terms of the Negotiable Instrument Act, No. 84 of 1904.

This statute was intended mainly as a codification of the law merchant as settled by the Courts and to secure uniformity of view in all jurisdictions, and, unless its language clearly and unmistakably indicate an intention to establish a new rule, it will be construed as merely declaratory of the law as it stood before its adoption.

**126 S. W. 114; 66 S. E. 308.**

In support of his contention, appellant cites the following provisions of the act:

"An instrument payable upon a contingency is not negotiable and the happening of the event does not cure the defect."

Section 4, last paragraph.

"An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable."

Section 5, paragraph 1.

These provisions of the act must be examined in connection with other sections in **pari materia** which reads as follows:

"An instrument to be negotiable must contain an unconditional promise or order to pay a sum certain in money."

Section 1.

"An unqualified order or promise to pay is unconditional within the meaning of this act, though coupled with a statement of the transaction which gave rise to the instrument."

Section 3.

All of the foregoing provisions construed together leave no doubt that the rent notes in controversy are obligations to pay money unconditionally and not depending on any contingency, and that no additional obligation results from the statement in the note of the transaction which gave rise to the instrument. Such recital in no manner qualifies or recites the unconditional promise to pay the fixed sum on a fixed day. Cases sustaining this view will be found in **Crawford Neg. Inst. Law, p. 10 and 11, Ogden on Neg. Inst., p. 46 and Brannan's Neg. Instr. Act., p. 33 and 65.**

In **Bank vs. Hatcher, 66 S. E. 308,** where the obligation arose under an **executory** contract, it was held that the indication of the fact on the face of the note did not destroy its negotiability under the provisions **supra** of the Negotiable Instrument Act.

We conclude that the Negotiable Instrument Law has left unimpaired the anterior jurisprudence to the effect that the statement on the face of a note that its consideration is rent to be received does not destroy the negotiability of such note.

Judgment affirmed.

April 17th, 1912.

Rehearing refused, May 13th, 1912.

June 20th, 1912, Decree Supreme Court, writ denied.