ST. PAUL, J.
This is a suit on a promissory note, and the defense is failure of consideration, and denial that plaintiff is a holder in due course.
I.
Defendant purchased from the Martel Apparatus Company certain sugar filters for the price of $20,000, of which $5,000 was paid when the order was given, $5,000 was to be paid on delivery, and the bálance after 30 days’ satisfactory operation. The contract guaranteed that the filters would handle satisfactorily the juice of 1,000 tons of cane daily, and the vendor agreed to refund the amount paid if the filters should not accomplish the guaranty.
When the filters were delivered the defendant was unable to pay the installment which then became due; whereupon the Apparatus Company agreed to take $2,000 in cash and defendant’s note for $3,000, payable in (say) 90 days, drawn to its own order and by itself indorsed in blank, which note it was ' agreed at the time would be taken by plaintiff or plaintiff’s wife, and for which plaintiff at once paid its face value in cash to the Apparatus Company. This is abundantly shown by the evidence, and the trial judge so found.
II.
Thereupon the trial judge excluded all evidence going to show the alleged failure of consideration, to wit, that the filters did not fulfill the guarantee aforesaid, which ruling was correct.
For, conceding that plaintiff knew of said, guaranty (and the evidence tends to show that he did), nevertheless:
“If it were known to the transferee of a negotiable * * * note, acquired for value before maturity, on taking it, that the consideration 'was future and contingent, and that there might be offsets against it, this would not make him liable for the equities between the original parties. * * * It cannot affect the negotiability of a note that its consideration is to be thereafter realized, or that from. some contingency it may never be enjoyed.” Bank v. Cason, 39 La. Ann. 865, 2 South. 881.
And again:
“If the consideration of the note had not failed at the time of its transfer, the maker cannot set up as a defense that the holder knew that there might be offsets against it.” Sadler v. White, 14 La. Ann. 177.
This doctrine was affirmed in Pavey v. Stauffer, 45 La. Ann. 353, 12 South. 512, 19 L. R. A. 716, and again in Marx v. Frey, 137 La. 948, 958, 69 South. 757, and is in accord with the general law of Negotiable Instruments. ,See 8 Corpus Juris, 509, § 718, and 3 Ruling Case Law, 1067, § 273.
The holder of a negotiable rent note has been held entitled to recovery thereon, even where circumstances have obliged the tenant to pay the rent a second time. Marinoni v. Levy, 9 Orleans Appeals, 254, citing Barelli v. Szymanski, 14 La. Ann. 47, and Tulane Improvement Co. v. Green Photo Co., 124 La. 619, 50 South. 601.
III.
Plaintiff has asked for damages for a frivolous appeal. But these will not be allowed, as we do not feel assured that this appeal was taken solely for delay or that plaintiff ha¿ suffered any damage by reason thereof. The note and judgment bear the highest rate of conventional interest allowed by law, 8 per cent. C. P. art. 907 ; Saloy v. *251 Gubernator, 17 La. Ann. 169 ; Bank v. Magee, 128 La. 1008, 55 South. 656.
Decree.
The judgment appealed from is therefore affirmed.