No. 2179
Second Circuit Appeal

MINGO HICKS, ET AL., v. ELLA BELL, ET AL.

(Feb. 3, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 512.**

Additional damages of five per cent will be allowed for a frivolous appeal even though the original judgment have eight per cent interest and ten per cent attorneys' fees under Act 225 of 1918.

Appeal from the First Judicial District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is an appeal from a judgment for plaintiff on a rule. Defendant appealed. Judgment affirmed with damages for frivolous appeal.

Foster, Looney, Wilkinson and Smith, of Shreveport, attorneys for plaintiffs and appellees.

Scheen & Blanchard and Robert Roberts, Jr., of Shreveport, attorneys for defendants and appellants.

REYNOLDS, J. Action by Mingo Hicks, et al. to compel Ella Bell and her surety on bond, to pay the amount of $628.50 and 10% attorneys fees provided for under Act 225 of 1918.

Plaintiff obtained judgment against Ella Bell in the sum of $15.00 and recognition of a lien and privilege resulting from an attachment and garnishment on the sum of $628.50 which had been attached in the hands of the American Bank & Trust Company.

Ella Bell obtained an order of court under which these funds were released to her upon her giving bond as prescribed by law with F. A. Blanchard as her surety.

The writ of attachment was sustained and judgment rendered in favor of the attaching creditors for the amount of $628.50 and costs. From this judgment no appeal was taken.

After giving the notice required by law to Ella Bell to deliver the $628.50 and to her surety on bond, this rule was taken. On the trial thereof, the only defense set up by the defendant was that there was no judgment sustaining the writ of attachment. A copy of this judgment was introduced in evidence and there was judgment for the plaintiff.

From this judgment defendants have appealed. Their only defense in this court is, that the apeal was taken in good faith, and they ask to be relieved from damages for frivolous appeal.

Under the evidence in the case we are forced to the conclusion that the appeal must have been taken for delay, and there must be judgment affirming the judgment of the lower court, with damages for frivolous appeal.

The judgment originaly rendered bore 8% interest and there had already been assessed in this case 10% damages under Act 225 of 1918. We are of opinion that 5% damages for frivolous appeal would do substantial justice.

State vs. Schonhausen, 37 La. Ann. 42.

Carroll vs. Chaffe, Jr., Syndic, 35 La. Ann. 83.

Harris vs. Peel, 17 La. Ann. 140.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs and with 5% additional for frivolous appeal.