MAUBERET v. MAUBERET

(January 27, 1930.  Opinion and Decree.)
(March 10, 1930.  Rehearing Refused.)

Harry McEnerny, of New Orleans, attorney for plaintiff, appellee.

Cahn & Cahn and William F. Conkerton, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on a promissory note in the sum of $1,583.34, in which no answer or other pleading was filed below by the defendant. A preliminary judgment was entered by default, and on October 21, 1929, was confirmed, and the judgment signed in due course. Within ten days thereafter, defendant appealed suspensively to this court, and plaintiff in answer to the appeal asks that the judgment be affirmed with 10 per cent. additional as damages for frivolous appeal, as authorized by article 907 of the Code of Practice.

When the case was called for argument in this court, counsel for defendant and appellant frankly admitted that, the appeal was frivolous and stated that it had been taken solely for the purpose of delay, but contended that no damages for frivolous appeal should be allowed because:

"The judgment herein awards 10% attorney fees, running interest, costs and is secured by a suspensive appeal bond. The Article of the Code of Practice 907, only permits the allowance of damages for a frivolous appeal, if there is loss sustained by the delay consequent to the appeal. Necessarily here, there is no loss evident, because the appellee gets more interest and the counsel gets a larger attorney fee in consequence, by the alleged delay consequent to the appeal; so that the plaintiff and appellee is confronted with no loss whatsoever."

In support of the contention of appellant, we are referred to Hackley State Bank vs. Magee et al., 128 La. 1008, 55 So. 656, where damages for frivolous appeal were not allowed under the following circumstances. The appellee after claiming the damages moved to dismiss the appeal, and the court said, speaking of the motion to dismiss:

"Had this motion to dismiss been granted, it would have disposed of the previously made demand for damages.
"To return to this demand after it had been virtually abandoned presents an unusual feature.
"This court will not be hasty in allowing damages on the ground urged unless it be evident that the right was resorted to only for mere delay."

It is quite obvious that the cited case is not authority for the proposition that where a judgment allows attorney's fees and interest and a good and solvent surety is furnished on an appeal bond no damages may be allowed for frivolous appeal, even when admittedly taken solely for delay.

In view of the sixth section of the Bill of Rights of the Constitution of the State of Louisiana, guaranteeing to all persons "adequate remedy by due process of law," and providing that justice shall not be denied nor administered with "partiality or unreasonable delay," the contention of counsel for appellant in this case is most remarkable. Counsel says that the right

of appeal is favored in our law. It is only favored, however, when there is some question presented by the appeal involving the rights of the appellant as decided by the court below which may be reviewed by the appellate courts, but an appeal for the purpose of delay only is not only not favored in law, but is essentially reprobated as an impediment to the orderly and prompt administration of justice. The damages prayed for will be allowed.

For the reasons assigned, the judgment appealed from is affirmed, with 10 per cent. additional as damages for frivolous appeal.

JANVIER, J., takes no part.