## INTERNATIONAL SHOE CO. v. HENDERSON.

### No. 5469.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1937.

H. W. Ayres, of Jonesboro, for appellant.

O. A. Easterling, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff sues to recover a balance due on open account for the price of shoes sold and delivered to defendant during the year 1934. Supplementing the cause of action alleged upon, there is attached to the petition defendant's three checks in plaintiff's favor, equal to the amount sued for, which, it is alleged, were given to pay the balance due on the account and which it appears were dishonored when presented to the payer bank because of insufficient funds to defendant's credit. Defendant admits execution and delivery of the checks, but avers that this was done by him while laboring under a misapprehension of the true state of facts, and therefore issued without consideration. In other respects, his answer is a general denial.

Upon trial of the case, under the issues tendered by the pleadings, there was judgment for plaintiff as by it prayed for, less $140 paid on the account subsequent to filing of suit. Defendant prosecutes a suspensive appeal. Answering the appeal, plaintiff charges that it was taken for the purpose of delay and is frivolous. We are ask-

cd to inflict the statutory 10 per cent. penalty permitted in such cases, in addition to affirming the judgment.

Defendant has made no appearance in the case. His counsel has filed no brief. The record amply sustains the judgment rendered by the lower court. The appeal obviously was taken for delay and is therefore frivolous. The facts of the case warrant imposition of the penalty. Article 907, Code of Practice; State y. O. H. Schonhausen et al., 37 La.Ann. 42; Devoe & Reynolds Co. v. Turpin et al., 16 La.App. 43, 133 So. 493; Mingo Hicks et al. v. Ella Bell et al., 1 La.App. 563; Mauberet v. Mauberet, 12 La.App. 553, 125 So. 886.

For the reasons assigned, the judgment appealed from is affirmed, with 10 per cent. thereof additional as damages for frivolous appeal.