### No. 9735.
### Orleans Appeal.

---

### SOUTHERN HARDWOOD & WOODSTOCK CO., LTD., v. SEVEN ELEVEN AUTO COMPANY, INC., ET AL.

---

(December 15, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 512.**
Where the defendant, as appellant, puts at issue by general denial, a suit upon open account, and fails, without legal cause or excuse, to appear in person or by counsel at trials of the suit, in either lower or appellate court, the maximum amount of damages allowed by law to appellee will be granted, when duly prayed for.

Appeal from First City Court for the City of New Orleans, Sec. "B", Hon. Val. J. Stentz, Judge.

This is a suit on an open account.

Judgment for plaintiff and defendant appealed.

Judgment affirmed with damages for frivolous appeal.

Milling, Godchaux & Milling, attorneys for plaintiff and appellee.

Prowell McBride, attorney for defendant and appellant.

BELL, J. This is a suit on open account for goods alleged to have been sold and delivered by plaintiff to defendant, Seven Eleven Auto Company, Inc., for the price and sum of $184.73.

This defendant, after citation, appeared and answered the suit by filing certain exceptions and pleading a general denial. Notice of trial seems to have been legally served upon this defendant, and the record shows that judgment was taken against this defendant, who was not present in person or through counsel. The testimony offered in proof of the sale and delivery of these goods to the defendant is ample and justifies the judgment as prayed for.

At the trial of this case on appeal, defendant was again absent and unrepresented by counsel. The case was twice fixed for hearing in this court and no legal reasons given for the absence of the appellant or its counsel.

Appellee has prayed in this court for ten per cent. damages on the amount of the judgment awarded by the trial court for frivolous appeal herein taken. We think the damages asked for should be granted to the maximum amount. On the face of

the record, there seems to have been no justification for the appeal and failure of appellant or its counsel to appear before this court would justify the conclusion that the appeal was taken only for delays.

It is, therefore, ordered, that the judgment appealed from be affirmed, with ten per cent. damages for frivolous appeal on the amount of the judgment appealed from, at appellant's costs in both courts.