BRUNOT, J.
 

 This is a suit to annul a lease and for the return to plaintiffs of certain rent notes executed by them in connection therewith.
 

 • Plaintiffs leased the building No. 731 Common street in the city of New Orleans, from defendant, for a term of 5 years from October 1, 1920, at a monthly rental of $350, and executed and delivered to defendant their 60 promissory notes, each for said sum, and payable one each month during the term of the lease. Plaintiffs took immediate possession of the building and occupied it until March 13, 1922, at which time the municipal authorities condemned the building and plaintiffs were notified to vacate it, with the assurance from defendant • that they could reoccupy the building in one month. The building was entirely demolished and a new building, including a new foundation, with thicker walls and' smaller interior space, was erected on the site. Plaintiffs made no effort to conduct their business for a month, but, after the lapse of that time, they demanded the abrogation of the lease. The building, although the electrical wiring and doors were then incomplete, was subsequently tendered to plaintiffs, the tender was refused, and .this suit was filed. Thereupon a temporary lease for $250 was signed, to be effective pending the final decision of this case.
 

 The judgment of the district court annulled the lease and decreed the cancellation and return to plaintiffs of the outstanding rent notes. From this judgment defendant appealed. There is no dispute as to the facts, and no further reference to the facts is necessary.
 

 The case of Dehan v. Youree et al., 161 La. 806, 109 So. 498, and the cases therein cited, decide the issues presented in this case. In Dehan v. Youree et al. this court said:
 

 “It is contended by learned counsel for the lessors that there is no place in the civil law for the cancellation of a lease because of necessary temporary disturbance or privation of possession due to the removal and rebuilding of a division party wall. That cancellation for temporary disturbance is not authorized by article 2692 of our. Code (article 1719, Code Napoleon), which, binds the lessor to maintain the thing leased and cause the lessee to be in peaceable possession; nor is such cancellation, say counsel, authorized by article 2695 of -our Code (section 1721, Code Napoleon), which makes the lessor guarantee the lessee against vices and defects which prevent the thing leased being used.
 

 “The proposition is not supported either by the provisions of the Civil Code or by the jurisprudence of this court.
 

 “It is true the several articles of the Code speak only of repairs in general and make no mention of reconstructions, but it is very clear, when all of the articles quoted are construed together, the obligation is imposed on the lessor to maintain the leased property in a condition to serve the purpose for which it is leased; the lessor guarantees the lessee against all the vices and defects of every kind and character which may prevent the property being used. The lessor has not the right to make any alteration in the thing during the lease. If the thing ceases to be fit for use for the purpose for which it is leased, the lessee may obtain the annulment of the lease, and, finally, if the repairs have been of such a nature as to oblige the tenant to leave the house while the repairs are being made, the whole of the rent will be remitted; from which it follows as a corollary that, if the whole of the rent is remitted the lease terminates
 

 “It has been said that repairs and reconstruction run so closely into each other that there is some difficulty in drawing the line which separates them. ‘The right to have the lease dissolved does not depend upon the degree of in
 
 *367
 
 convenience to which the lessee is put. If the thing leased does not fulfill its object in consequence of some inherent defect, the action ex conducto will lie, although the inconvenience resulting from the defect may be too light to authorize a'claim for damages.’ 2 Trop long due Louag'e, p. 6.
 

 “In the case of Caffin v. Redon, 6 La. Ann. 488, the lessor sued his lessee for one month’s rent, the lease had three years to run. The lessee, in defense, prayed for a dissolution of the lease on the ground that there were inherent defects in the construction which rendered it dangerous and unfit for the use he had intended. The lessor admitted the building stood in need of repairs, but contended that the repairs had been begun and that the building would soon be put in perfect condition; that he would indemnify the lessee for any loss he might sustain in consequence of the making of those repairs; and that the lessor under such circumstances had no right to have the lease dissolved.
 

 “The question directly presented was whether , the changes which the lessor made in the building were repairs or reconstructions rendered necessary by inherent defects. The court found that the house had been built little more than two years when the city surveyor informed the mayor that the construction was defective, the brick pillars of the wall were too light, were cracked and out of plumb,' as also were the walls above them. The mayor ordered the lessor to prop the house, to take down the pillars and wooden lintels and replace them with granite or iron. The lessor obeyed the instructions. •
 

 “The court stated that the fact that the necessary changes had been made and that the building was free from defects could not impair the rights of the lessee.
 

 “ ‘The taking out of the brick pillars and wooden lintels and replacing them with granite was in legal intendment, a reconstruction, and not a repair of that part of the building. The inherent defect which made that reconstruction necessary entitles the defendant to a dissolution of the lease.’
 

 “In the case of Coleman v Haight, 14 La. Ann. 564, it became necessary during the lease to take down a wall of the house leased in order to construct a large building on the adjoining property. The lessee abandoned the leased premises as uninhabitable. The court held that the lessee was justified in vacating the property and rejected the lessor’s demand for rent. The syllabus reads:
 

 “ ‘The failure of a lessor to maintain premises leased in a tenantable condition dissolves the lease, although such lessor be not at fault.’
 

 “In the case of Henry Rose Mercantile Co. v. Smith, 139 La. 227, 71 So. 490, the court, in the course of its opinion, said:
 

 “ ‘If the premises have ceased to be fit for the use for which they were leased, and the work of restoration amounts to reconstruction and not to mere repairs, the lessee is entitled to revoke the lease.’
 

 “In the case of Reynolds v. Egan, 123 La. 294, 48 So. 940, the walls of all of the rear of the house leased began to crack and open as the result of extensive excavations which were made on the adjacent property and the cracks and openings made the leased building unfit for the use for which it was leased. The rear portion had to be torn down and rebuilt. The lessee sued for cancellation of the lease and for damages. The court ordered the lease cancelled as of date of judicial demand and absolved the lessee from the payment of rent from that date. The demand for damages was denied because the lessee did not vacate the premises as the court hbld that she had the right to do. The court, in the course of its opinion, said:
 

 “ ‘We say she had the -right to cancel the lease, for the reason that the situation was not one calling for “repairs” to the building, but for a “reconstruction” of the same.’
 

 “Under the authorities noted, and many more there are which might be cited to the same effect, it is very clear that, where the vices and defects are of such a nature as to render the building unfit for the use for which it was leased, and the lessee is forced to vacate the leased premises during the course of the repairs, he has the right to have the lease dissolved as of date the ejectment took place and to be relieved of the payment of future rent.”
 

 Eor these reasons the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.