No. 2844

Second Circuit

---

HUTCHINSON BROTHERS, INC., v. BLANCHARD

---

(March 14, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 598.

Where there is no evidence or statement of fact in the record to show the judgment overruling the motion to dismiss a writ of sequestration is incorrect, the appellate court presumes the evidence offered sufficient to warrant the judgment.

2. Louisiana Digest—Appeal—Par. 512; Costs and Fees—Par. 59.

Where judgment bears 8% interest on promissory notes, the court will in its discretion grant damages at 5% for frivolous appeal under Art. 907 Code of Practice.

· Appeal from the City Court of the City of Shreveport. Hon. David B. Samuel, Judge.

Action by Hutchinson Brothers, Inc., against Frank A. Blanchard.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed with damages for frivolous appeal.

William H. Cook, of Shreveport, attorney for plaintiff, appellee.

Frank A. Blanchard, of Shreveport, attorney for defendant, appellant.

WEBB, J. The defendant appeals from a judgment rendered against him for the balance alleged to be due on a promissory note bearing eight percent per annum interest, sustaining a conservatory writ issued, under which a piano was seized, and recognizing a vendor's privilege on the property seized, and plaintiff filed an answer to the appeal more than three days before the cause was fixed for argument, praying that damages be assessed against appellant as for a frivolous appeal.

The only appearance made by defendant in the trial court before judgment was a motion to dissolve the sequestration on the face of the pleadings, which was overruled; and the judgment appears to have been rendered on confirmation of a default, and defendant has not appeared here to urge his appeal.

The motion to dissolve the writ was correctly overruled, and in default of any note of evidence or statement of fact appearing in the record, we presume there was evidence offered sufficient to warrant the judgment (National Park Bank vs.

Concordia Land & Timber Co., 154 La. 31, 97 South. 272), and the defendant having permitted the cause to go by default in the trial court and failing to appear in this court to urge any error in the decree or to support his appeal in any manner, we are of the opinion the appeal is frivolous and damages should be awarded.

In view of the fact that the judgment bears eight percent per annum interest, as stipulated in the note sued upon, the damages will be fixed at five percent rather than the maximum provided by law (Art. 907, C. P. ·Southern Hardwood & Woodstock Co. vs. Seven Eleven Auto Co., 1 La. App. 316; Hicks vs. Bell, 1 La. App. 563; Mossman vs. Lynch, Orl. App. Teiss. Dig. App. 20).

The judgment appealed from is therefore affirmed with five percent on the principal amount of the judgment as damages for frivolous appeal, and at defendant's cost.