McCLENDON, JR., v. CHRYSSOVERGES ET AL.

(February 25, 1929. Opinion and Decree.)
(April 1, 1929. Rehearing Refused.)

W. H. McClendon, Jr., of New Orleans, attorney for plaintiff, appellant.

John F. Fisher, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff is an attorney and brings this suit for his fee earned, and costs expended in representing defendants in the Supreme Court of Louisiana, in the matter entitled Chryssoverges et al. vs. General Cigar Company, Inc., 163 La. 365, 111 So. 787.

In that case the Chryssoverges Brothers had in the District Court been represented by Guy J. Ray, who died after the trial and before the hearing of the appeal in the Supreme Court.

Plaintiff claims $650 as fee and $12.50 as the cost of printing a brief which he paid for.

Defendants admit the employment of plaintiff and admit that he briefed, argued and won the case in the Supreme Court, but contend that it had been agreed that he was to receive $25 to cover his fee and costs.

They explain that although this would ordinarily seem a very small fee, plaintiff was a young man, out of law school only a few years and was anxious to appear before the Supreme Court, and that furthermore the appeal had not been seriously taken but was merely perfunctory, and that, therefore, plaintiff's labors were neither arduous nor essential to the success of their case.

Plaintiff, in this case, had, during the trial of the other case in the District Court voluntarily assisted Mr. Ray to some extent and had become familiar with the case, and, on the death of Mr. Ray had called on the Chryssoverges brothers at their place of business, a hat cleaning and shoe shining establishment.

He states that this visit was made for the purpose of ascertaining whether or not they desired him to brief and argue the case in the Supreme Court. He further states that no mention was made of the amount of the fee to be charged either on that or any other visit, and that, if the words $25 were mentioned at all, they were used merely to express his estimate of what would be the extreme cost of printing the brief.

Defendants are corroborated to some extent in their contention by the statement of a young woman employee, who claimed to have heard the conversation. One of the defendants speaks poor English but claims that he also heard the conversation between McClendon and his brother and that $25 was agreed upon as the total amount for fees and brief.

The defense made by the Chryssoverges brothers here, is in the nature of a special defense, and therefore, the burden of proving it by a preponderance of evidence is on them. In view of the fact that the brief actually cost $12.50, which McClendon paid, and in view of the fact that briefs in matters of the kind involved in this case might have cost considerably more. It is very hard for us to believe that McClendon would have undertaken the work on a basis which might have netted him nothing at all, and in view of the fact that there was probably con-

siderable noise in the establishment of Chryssoverges at the time McClendon was employed we are of the opinion that all that the evidence proves conclusively is that McClendon was employed to go ahead with the case and that the minds of the parties at no time met on any contract as to the actual amount of the fee and costs. It may well be that the Chryssoverges brothers were of the opinion that a fee had been agreed upon, but we are quite certain that McClendon was of the other opinion.

In view of the fact, therefore, that the evidence does not preponderate in favor of the special defense made by the Chryssoverges brothers we are of the opinion that McClendon should be allowed to recover such sum as seems reasonable under all the circumstances.

On the question of what is a reasonable fee, we are much impressed with the significant fact that Mr. Ray, the first attorney in the case, had agreed to handle the whole matter in the trial court and in the Supreme Court for $100, and had been paid this amount. Mr. McClendon had voluntarily assisted Mr. Ray and therefore, knew or ought to have known of the agreement which Ray had made.

Considering also the further fact that the case was won in the lower court, we believe that a fee of $50 would be reasonable compensation. In addition to this fee, of course, he should be paid the amount expended by him for the benefit of his clients.

It is therefore ordered adjudged and decreed that the judgment appealed from be amended by increasing the amount thereof to $62.50, and as thus amended, affirmed. All costs to be paid by defendants.