No. 4045

Second Circuit

___

## SMITH v. THE MOST WORSHIPFUL ST. JOHN'S GRAND LODGE OF FREE & ACCEPTED MASONS OF THE STATE OF LOUISIANA

___

(July 14, 1931. Opinion and Decree.)
(October 1, 1931. Rehearing Refused.)
(November 3, 1931. Writ of Certiorari and Review Refused by Supreme Court.)

___

Lee J. Novo, of Alexandria, attorney for plaintiff, appellee.

Charles Robinson, of Shreveport, attorney for defendant, appellant.

DREW, J. Plaintiff sued, as beneficiary under a policy of insurance issued to her husband, Henry W. Smith, deceased, by the defendant. The policy was for the sum of $500, and carried a burial fee of $75. The latter was paid directly after the death of Henry W. Smith, but the principal amount of $500 was not paid.

Defendant answered setting up as the sole and only defense that the deceased was not in good standing with the lodge at the time of his death in that he had not paid his dues for the month of January, 1929. He died on January 17, 1929.

The lower court rendered judgment for plaintiff, as prayed for, and defendant has appealed. Plaintiff has answered the appeal praying that she be awarded 10 per cent as damages for frivolous appeal, under article 907 of the Code of Practice.

Deceased was a member of True Square Lodge, No. 34, of Alexandria, Louisiana, which lodge is a subordinate lodge of the defendant; and in November, 1928, he sent to the worshipful master of his lodge $5 to cover his dues then due and to become due in the future. The worshipful master gave the $5 to the secretary who in turn gave it to the treasurer. The record shows that the dues were 85 cents per month and, out of this $5, deceased's November and December dues were paid, leaving a balance of $3.30 to take care of future dues. Deceased was included in the report to the grand lodge for November and December, 1928; he was not included in

the January, 1929, report for the reason that he was dead at the time the report was made, and the custom and rules of the lodge forbade the reporting as a member one who was dead.

The money to cover the January dues was in the hands of the proper officer of the local lodge long before same was due and if it was not forwarded to the grand lodge, it was through no fault of the deceased. This court has repeatedly held that when a member of a lodge pays his dues to the proper officer of a local lodge on or before the due date, in accordance with the rules and regulations of the said lodge, he has complied with his duty and is in good standing, regardless of the action of the said officer in not forwarding the money to the grand lodge, the officer receiving the money being the agent of the grand lodge and not of the member paying it.

Defendant does not question this principle of law, but contends that the money was not paid by deceased for his January, 1929, dues prior to January 10, 1929. It has not offered any testimony to contradict that of the worshipful master and secretary of the local lodge, which is as we have stated the facts to be. Defendant offered the treasurer of the local lodge who did not take office until January, 1929, and therefore knew nothing of what had transpired in November, 1928. It also offered the testimony of an officer of the grand lodge who testified that the grand lodge had not received the January, 1929, dues of deceased, but who refused to testify that deceased's dues had not been paid to the local lodge on time. The other testimony offered by defendant is just as irrelevant to the issue.

The conclusive and uncontradicted testimony in the record is that deceased, in November, 1928, paid to the proper officer of the local or subordinate lodge of defendant, of which he was a member, sufficient money to cover all dues up to and until after his death and was, therefore, in good standing at the time of his death, and the policy of insurance on his life issued by defendant and sued on herein was in force and effect at that time.

The judgment of the lower court so holding is correct. If defendant, through its officers, had used only ordinary diligence by inquiring of the officers of the local lodge, it would have ascertained that deceased was in good standing at the time of his death, and certainly on the trial of the case in the lower court, with the uncontradicted testimony of the officers of the local lodge before it, it was made to know that the deceased was in good standing.

Insurance is usually taken for the protection of one's family after his death, and where the insurer litigates such a claim without a reasonable defense, it is very unjust and unfair to the beneficiary. Certainly after the trial of this case in the lower court, defendant did not have any hope of winning the suit, and we are convinced that the appeal was taken solely for delay.

Deceased departed this life in January, 1929, and, due to this unnecessary litigation, his widow, the beneficiary, has had withheld from her the money justly due her under this policy for two and one-half years. The appeal was taken for delay, and falls under article 907 of the Code of Practice, wherein damages may be awarded for frivolous appeal. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs; and it is further ordered, adjudged, and decreed that plaintiff recover of the defendant 10 per cent damages on the amount of the judgment appealed from.