No. 3739

Second Circuit

———

JONES v. GRAND LODGE OF TABERNACLES OF THE GENERAL GRAND INDEPENDENT ORDER OF BROTHERS AND SISTERS OF LOVE AND CHARITY FOR NORTH AND SOUTH AMERICA, LIBERIA AND ADJACENT ISLANDS, No. 8129

———

(November 18, 1931. Opinion and Decree.)

Breazeale & Hughes, of Natchitoches, attorneys for plaintiff, appellee.

Gunter & McClung, of Natchitoches, attorneys for defendant, appellant.

DREW, J. Plaintiff sued on a policy of insurance issued on the life of Cecilia Francois for the sum of $300, making the plaintiff herein the beneficiary. The insurer is a fraternal organization with its domicile in the state of Louisiana. The suit as originally filed alleged the defendant to be a non-resident corporation and was cited through the secretary of state. No appearance was made by defendant and plaintiff's case was proved up on default. From this judgment defendant appeared and perfected an appeal to this court. Later, and during the pendency of the appeal in this court, defendant filed a suit to annul the judgment for the want of citation. Plaintiff answered the suit and reconvened on the policy, praying for judgment for the amount of the policy. By agreement of counsel, the case was tried on the testimony offered in the first case by the plaintiff and the testimony offered on the present trial.

Defendant admits issuing the policy sued on by plaintiff and does not deny that the insured, of whom plaintiff is the beneficiary had paid all dues that she owed to the local lodge up to the time of her death. It does contend, however, that at the time of the insured's death the local lodge, of which she was a member, viz.: Mars Hill Tabernacle, No. 22, located at Bermuda, Louisiana, was under suspension, due to the failure of the proper officer or officers of that lodge to make remittance to the grand lodge, and that suspension of the local lodge, although through no fault of the insured, was a bar to the recovery on the policy if the insured died during the time of the suspension. The lower court upheld this contention, annulled the default judgment and rejected the demand of plaintiff in reconvention. From this judgment, plaintiff in reconvention has appealed.

To decide this contention of the defendant lodge is to decide the case. This court has on numerous occasions held under like policies that when a member of a lodge pays his dues to the proper officer of the local lodge on or before the due date, in accordance with the rules and regulations of said lodge, he has complied with his duties and is in good standing, regardless of the failure of the officer to forward the money to the grand lodge, the officer receiving the money being the agent of the grand lodge and not of the member. Smith v. Most Worshipful Grand Lodge, etc., 135 So. 675, 17 La. App. 536.

A case against the same defendant as in this case and growing out of the same identical facts, and during the time of the alleged suspension that is claimed in this case, was decided adversely to the defendant lodge by this court on February 26, 1931. Emanuel v. General Grand Independent Order of Brothers and Sisters of Love and Charity of North and South America, Liberia and Adjacent Islands, 16 La. App. 186, 133 So. 506. The identical questions and on the same facts as in this case were fully discussed in that one. It is therefore unnecessary for this court to fully discuss them again, and for the reasons given in that case, we are of the opinion that the plaintiff in reconvention is entitled to recover under the policy sued on.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reversing the judgment rejecting the reconventional demand, and that plaintiff in reconvention have judgment against the defendant in reconvention in the full sum of $300, with 5 per cent per annum interest thereon from July 19, 1927, until paid; the cost of appeal to be paid by appellee.