## WILMER v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE, A. F. AND A. M. FOR STATE OF LOUISIANA.

### No. 14138.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Lester Pailet, of New Orleans, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

JANVIER, J.

Plaintiff was named beneficiary in a policy of fraternal life insurance issued on the life of her husband by defendant.

Defendant denies liability under the policy alleging that, at the time of his decease, plaintiff's husband was not in good financial standing.

Deceased was a member of Wisdom Lodge No. 14, which is a subordinate of defendant.

At the time this suit was filed, deceased had been dead about nine years, and the record shows that no claim for the proceeds of the policy had, during that time, ever reached defendant, although a burial claim in the sum of $75 had been promptly made and, as promptly, paid by defendant.

The record shows that shortly after the death of deceased the subordinate lodge, of which he was a member, failed to pay to the defendant Grand Lodge the amounts which were due and that, as a result, all of the members of the subordinate lodge were "dropped" by the Grand Lodge. However, there is no evidence to the effect that the members of the subordinate lodge were not in good standing with that lodge, and the only evidence to the effect that the subordinate lodge was not in good standing with the Grand Lodge is found in one entry on the books of the Grand Lodge. Except for this evidence, the entire record shows that the deceased was in good standing with the subordinate lodge. Even the secretary of the Grand Lodge testified that he could make no statement as to the records of the subordinate lodge. There is therefore no contradiction of plaintiff's evidence to the effect that the deceased was in good standing with his own lodge at the time of his death, and it is well settled that in such case, unless the local lodge and its members are suspended by the Grand Lodge prior to the death of the member, whose death brings the claim into existence, the Grand Lodge cannot be heard to say that the policy is suspended.

In Smith v. Most Worshipful St. John's Grand Lodge, etc., 17 La. App. 536, 135 So. 675, the court said:

"The money to cover the January dues was in the hands of the proper officer of the local lodge long before same was due, and if it was not forwarded to the Grand Lodge, it was through no fault of the deceased. This court has repeatedly held that when a member of a lodge pays his dues to the proper officer of a local lodge on or before the due date, in accordance with the rules and regulations of the said lodge, he has complied with his duty and is in good standing, regardless of the action of the said officer in not forwarding the money to the Grand Lodge, the officer receiving the money being the agent of the Grand Lodge and not of the member paying it."

See, also, Jones v. Grand Lodge of Tabernacles of the General Grand Independent Order, etc., 18 La. App. 63, 137 So. 629; Emanuel v. General Grand Independent Order, etc., 16 La. App. 186, 133 So. 506.

Nor can we agree with defendant that the claim is barred by the prescription of three years, since such a claim is based on a written contract.

In the syllabus of Gilmore v. Logan, 30 La. Ann. 1276, we find:

"When one obligates himself in writing to pay a certain sum on the happening of a

certain event, the obligation is only prescribed in ten years."

■ The penalty provided by Act No. 17 of 1920, should not have been awarded since there were sufficient reasons for defendant's denial of liability to justify the belief that that denial was made in good faith. The records of defendant showed that the deceased was not in good standing, and, although those records cannot be permitted to defeat the claim itself, they are sufficient to show good faith on defendant's part, and certainly plaintiff's failure for nine years to present her claim was a circumstance which could justly cause defendant to look upon the claim with suspicion.

■ Since the judgment must be amended by the disallowance of the penalty provided by the act of 1920, it necessarily follows that the award asked for the taking of a frivolous appeal cannot be granted.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended so as to read as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Leontine Wilmer, Widow of Thomas E. Johnson, and against defendant, The Most Worshipful St. John's Grand Lodge, Ancient, Free and Accepted Masons for the State of Louisiana, in the full sum of $500.00 with legal interest thereon from judicial demand until paid and for all costs of these proceedings."

As thus amended, the judgment is affirmed.

Amended and affirmed.