**TRI–STATE HOSPITAL, Inc., v. RELIANCE INDUSTRIAL LIFE INS. CO.**

No. 5854.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Writ of Certiorari and Review Denied
October 30, 1939.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

TALIAFERRO, Judge.

Defendant issued hospitalization policies to Faye Monsour and to Evelyn Brown, now wife of F. M. Lewis, wherein, within certain limitations and exceptions, it agreed to furnish to the insureds hospital services at any accredited hospital. While the policies were in force, Miss Monsour, following the performance on her of a hemorrhoidectomy, was a patient in plaintiff's clinic for nearly two weeks; and Mrs. Lewis, after giving birth to a child therein, was also its patient for several days. Treatment appropriate to each case was given. Defendant's local agent approved the bills for services rendered in each case and issued to plaintiff, as was the custom, a draft for the amounts on defendant's main office in Baton Rouge, Louisiana, which was dishonored on presentment. Thereupon, each insured assigned to plaintiff her interest in the policy issued to her. This suit was then promptly instituted to recover the amounts due on the accounts.

Defendant denies liability, in whole or part, on each account. In the alternative, should it be found that the services rendered the insureds fall within the coverage of the policies, defendant pleads that it is relieved from liability therefor, because the insureds did not, as is required by the terms of the policies, give to it or its authorized agent, written notice of their admission to the hospital within four days from date of such admission. The policy provides that non-compliance with this stipulation operates a forfeiture of rights thereunder.

The case was decided adversely to defendant and appeal is by it prosecuted. Appellee, by answer, prays for affirmance of the judgment, and, in addition, that the appeal be adjudged frivolous and that the statutory penalty therefor be imposed. Code Prac. art. 907.

The special defense set up in answer, to-wit, failure to give notice of ad-

mission to plaintiff's clinic, evidently has been abandoned. It is not discussed in defendant's brief. We think it without merit, anyway.

Defendant's local agent, through whom the policies were procured, admitted that such notices were timely delivered to her, and that she promptly mailed same to the company in Baton Rouge. This course, in like cases, had been uniformly followed for over two years. No objection thereto was registered until the present cases arose. It appears to have been an afterthought, since, in defendant's letter to plaintiff, prior to suit being filed, it is said:

"We wish to acknowledge receipt of your letter dated June 11th wherein you call to our attention the unpaid bills of Miss Fay Monsour and Mrs. H. M. Lewis, which total amount is $104.25.

"Please be advised that it will be necessary that you contact Mrs. Gross, 845 Margaret Place, of your city, as Mrs. Hart Gross, was our former representative and she has in her possession funds which were supposed to have been used for the payment of all claims that she had approved."

In addition to this, the discussed stipulation only requires that the notice be given "the company or its authorized agent". The agent to whom the notices were delivered is not shown to have been unauthorized, within the meaning of this provision to receive such notices; on the contrary, it plainly appears that she had such authority, implied, if not express, from defendant.

In this court, for first time, appellant raises the point that plaintiff is not entitled to recover because it failed to prove that the ailments for which services were rendered the insureds were within the coverage of the policies. Woodul v. Reliance Industrial Life Insurance Company, 159 So. 419, decided by this court, is cited in support of this petition.

Plaintiff did not originally allege the specific disease or ailments requiring the hospitalization services sued for. This was done by supplemental petition. For lack of information justifying a belief, the allegations to the effect that Mrs. Lewis was a maternity patient in plaintiff's clinic, and that Miss Monsour underwent a hemorrhoidectomy therein, were denied. In view of this state of the pleadings, we think plaintiff carried the burden of proving that the services rendered the insureds

came within the policy provisions. Plaintiff offered no direct proof in support of allegations on this issue. Hemorrhoidectomy and maternity cases are not excluded from the policy. However, in these circumstances, the character of the evidence necessary to discharge the burden of proof need not be as weighty as would be had defendant definitely and specifically denied liability on the grounds that the services rendered were not for diseases and ailments within the policy provisions.

Defendant's agent had personal knowledge that the insureds were patients in plaintiff's clinic. She informed herself as to the causes for their presence there, and approved the expense bills incurred in their behalf. She testified that in cases where the four day notice was timely given, and wherein she satisfied herself of the liability of her company for the hospitalization expenses, she was authorized to and would either pay such expenses from company funds in her hands or make draft therefor on it. Her testimony on this score is definitely corroborated by the above quoted excerpts from defendant's letter to plaintiff. No part of it is denied. She was vested with authority to do and perform the acts related by her. In this respect, her actions were those of her principal and it is bound thereby. We think this indirect evidence sufficient to substantiate plaintiff's allegations touching the character of the operations performed on and services rendered to the insureds.

The policy issued to Mrs. Lewis provides that "maternity cases are not covered under this policy, but a discount of fifty per cent from the regular hospital charges will be allowed the insured." Appellant argues that under this provision, regardless of all other questions, it may not be held liable for more than one-half of the Lewis account. This contention is not well founded. The quoted stipulation was taken cognizance of by plaintiff in making up its account in Mrs. Lewis' case, as the debit items thereof almost invariably are only one-half as much as is charged for same items in the account against Miss Monsour. For instance, the following charges were made in the Monsour account:

| | |
|---|---|
| Room | $4.00 per day |
| Operating Room | 7.50 |
| Anaesthetic | 7.50 |
| Laboratory | 5.00 |

Only fifty per cent of such charges was carried into the Lewis account.

It is obvious that the institution of this suit to enforce payment of the obligations sued on is a direct result of a controversy between defendant and its local agent, who, at the time of trial, was no longer connected with it.

Defendant seeks to escape being cast herein more largely because of the weakness of the case made out by plaintiff than from the strength of its own position.

 Having abandoned the defenses advanced by it originally and having adopted unfounded ones on appeal, goes far toward justifying the charge that the appeal was taken for delay and should, therefore, be denominated frivolous. We think it may be properly characterized as such.

For the reasons herein assigned, the judgment appealed from is affirmed with costs, and, in addition, defendant is cast for ten per centum of the amount of said judgment, because of the prosecution of a frivolous appeal.