McBRIDE, Judge.
During 1951 and 1952, Mrs. John Tessi-tore removed from the mail receptacle at the address of the interdict, Rosie Formusa, a total of seven checks payable to the interdict, which had been sent by mail by the Hibernia National Bank in New Orleans. The checks, for varying amounts, represented certain dividends on^ capital stock of said bank standing in the interdict’s name and also two dividends declared in the liquidation of the Hibernia Bank & Trust Company. After signing the interdict’s name on the reverse of each check, Mrs. Tessitore, who is the interdict’s sister, then had Mrs. Anthony Formusa, who is the mother of both Mrs. Tessitore and the interdict, endorse them by 'affixing her ordinary cross mark thereto. Mrs. Tessitore would then have the checks cashed, usually by a neighborhood grocer, and her story is that she gave the money to her mother toward her support.
The interdict, through her curator Sam Formusa, who is a brother of the interdict and Mrs. Tesssitore, brought this suit against Mrs. Tessitore and her husband, in *588 solido, for $618.25, the aggregate amount of the checks, alleging that the defendants conspired to and did defraud the interdict ■of such amount. Defendants have appealed both suspensively and devolutively from the judgment below rendered against them.
The sole defense attempted to be made in the lower court is that the checks were cashed by Mrs. Tessitore at the request of Sam Formusa in order that the funds could be used for the maintenance and support of his mother.
Even if each and every word contained in the answer could be said to be true, there would be no legal defense to the interdict’s suit, and, therefore, the evidence taken at the trial need not be detailed. The judgment is correct not only as against Mrs. Tessitore but also as against Tessitore, as it appears that he not only knew of his wife’s activities with reference to the checks but she also had his encouragement in her course of conduct. Tessi-tore even assisted his wife by personally cashing one of the interdict’s checks and then taking the check and depositing it in the bank account of Tessitore Builders, Inc., a corporation in which he is interested.
Plaintiff prays in an answer to the appeal that the appeal be declared frivolous and that the statutory damages of ten percent for frivolous appeal provided for by C.P. art. 907 be assessed against defendants.
The defendants have made no effort to sustain the appeal by appearing either personally or through counsel, nor was a brief filed in their behalf, and no reason appears from the evidence that would lead us to believe that they had even the slightest hope for success. We think the appeal is frivolous and the allowance, of statutory damages is in order.
For the reasons assigned, the judgment appealed from is affirmed with ten percent of the amount thereof being added thereto as damages for frivolous appeal.
Amended and affirmed.