90 So.2d 796

C. Stephen D'AMICO

v.

Nathan GRAVER and Harry Middleberg.

No. 42703.

Nov. 5, 1956.

Tucker & Schonekas, Russell J. Schonekas, New Orleans, for appellant.

Rittenberg, Weinstein & Bronfin, Fred Bronfin, New Orleans, for appellee.

McCALEB, Justice.

This suit, as originally filed, was for recovery of $9,315 allegedly resulting from a breach of an executory contract to lease appellant's premises. However, at the outset of the trial, counsel for appellant informed the court that appellant had leased the premises to another party for a three-year period commencing June 15, 1954 and that, therefore, the rental damages sustained as a result of the alleged breach had been reduced to the loss of rent for four and one-half months, approximating $1,-012.50, plus other damages not exceeding $600. Following the trial, the suit, as thus limited, was dismissed and this appeal was taken.

Since the amount in controversy did not exceed $2,000 at the time the case was submitted to the trial judge for his decision, this Court is without appellate jurisdiction. Our appellate jurisdiction, when founded on monetary value, is tested by the amount in dispute at the time the judgment is rendered in the court of orig-

inal jurisdiction and not by the sum initially demanded. State v. Cook, 197 La. 1027, 3 So.2d 114; Walker v. Fitzgerald, 214 La. 293, 37 So.2d 712 and Jackson v. Perkins, 221 La. 525, 59 So.2d 708. Both appellant and appellee concede that this Court is without jurisdiction and have moved that the appeal be transferred to the Court of Appeal for the Parish of Orleans.

The motion is granted and it is accordingly ordered that the case be transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that court within thirty days from the date on which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellant.