HAMITI7R, Justice.
Dwyer Lumber Company, Inc. instituted this suit to recover from Murphy Lumber and Supply Company, Inc. the sum of $3,353.87, this being the alleged balance due for certain lumber sold and delivered. Answering, the defendant first generally denied the allegations of the petition and asked that plaintiff’s demands be rejected. But in a supplemental answer it prayed alternatively that it “be allowed a diminution in the amount (demanded) of $2,000 under the doctrine of quanti minoris.”
Following trial the district court rendered judgment in favor of plaintiff in accordance with its prayer, and the defendant appealed to this court.
After examining the transcript we are convinced that the appeal cannot be entertained here.
For us to have appellate jurisdiction in a case of this nature the amount in dispute must exceed $2,000 exclusive of interest. Article VII, Section 10, Louisiana Constitution. And in determining the jurisdictional question there is to be considered the disputed amount as of the time judgment is rendered in the court of original jurisdiction, not the sum initially demanded. D’Amico v. Graver, 231 La. 109, 110, 90 So.2d 796. See also Hanover Fire Insurance Company v. Southern Amusement Company, 176 La. 631, 146 So. 316 and Jackson v. Perkins, 221 La. 525, 59 So.2d 708. In this connection “ * * * a payment made or a remittitur entered, or an admission of a pari of the debt sued for, before the case is submitted to the court of original jurisdiction for decision, has the same effect upon the question of appellate jurisdiction as if the amount paid or remitted, or the amount of the debt admitted, had never been sued for.” State v. Cook, 197 La. 1027, 3 So.2d 114, 117 and the numerous cases therein cited. (Italics ours.)
In the instant cause, as before stated, plaintiff sued to recover $3,353.87i However, during the trial defendant’s president and largest stockholder, James C. Murphy, was asked by the trial judge: “How much do you admit you owe?” He replied: “I admit at this time, Your Honor, that I owe $1,475.83.”
As a result of such admission there was in dispute at the time of the rendition of judgment by the district court, as well as when the cause was submitted for decision, only $1,875.04 (the difference between the two figures above mentioned) — an amount that is not sufficient to vest appellate jurisdiction in this court.
For the reasons assigned it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LRS 13:4441 and 4442, the record to be filed in such court within thirty days from the date of this decree; otherwise, the appeal shall stand dismissed. Appellant shall pay the costs of the appeal to this court.