TATE, Judge.
The plaintiff company sues to recover $3,353.87, a balance allegedly due for lumber sold and delivered between August 5th and September 8, 1955. The trial court awarded judgment for this full amount.
The defendant’s appeal to the Supreme Court was transferred to us because the defendant’s president at the trial admitted liability for part of the indebtedness, which therefore reduced the amount in dispute to below the jurisdictional limits of our high court. 237 La. 756, 112 So.2d 435. The plaintiff has answered the appeal, requesting damages because allegedly the defendant’s suspensive appeal is frivolous and purely to delay even longer the collection of the account long past due.
The defendant’s sole contention upon appeal is that the price of the cypress lumber forming the bulk of the account should be reduced by one-half, because by reason of latent defects one half of it was unfit for millwork, the purpose for which purchased. LSA-Civil Code, articles 2541-2544. These defects are alleged to be sap stains, blue in color, which supposedly existed prior to the purchase and allegedly resulted from prior improper handling on the part of the plaintiff.
It is not disputed that the sales were of “rough” lumber and that any sap stains existing at the time of sale could not be discovered until the lumber was “dressed” (that is, planed and trimmed and otherwise processed for retail sale). Defendants’ employees testified that the sap stains were discovered when the rough cypress was dressed towards the end of January, 1956; suit having been filed in the earlier part of the said month.
We think that the trial court correctly held that the preponderance of the credible evidence supports a finding that when lumber is sold by rough grades, the buyer accepts the risk of any latent defect which may be discovered, perhaps months later, when the rough lumber is dressed. The reason for this is because, as the evidence shows, defects in the lumber such as the present sap stains can be occasioned because of improper handling by the buyer and/or climatic changes after the lumber is delivered to the buyer’s premises. Also, the witnesses of both parties agreed that the grade of lumber sold in the rough is determined by its apparent condition before dressing.
But even if defendant’s contention were correct that the sale of rough lumber does not contemplate that the buyer bear the risk of latent defects, the burden is upon the buyer to prove that latent *67 defects existed at the time of the sale such as would entitle the buyer to a reduction in the price. LSA-C.C. art. 2544; see also LSA-C.C. art. 2530; Langlinais v. Soileau, La.App. 1 Cir., 58 So.2d 274. And without detailed discussion, we will simply state that the defendant buyer has not proved that any such latent defect existed prior to the delivery of the rough lumber to its premises, especially since the evidence reveals that any deterioration could have resulted from climate or improper handling by the defendant after delivery.
Thus, in our opinion, the trial court correctly found to be lacking in merit the defenses asserted to avoid payment for this lumber purchased in 1955.
By answer to the appeal, the plaintiff alleges that “the appeal taken here in by the defendant-appellant is onerous, burdensome and expensive to your appellee and is frivolous and vindictive without real justification; plaintiff further shows that defendant has caused irreparable injury to plaintiff, due to the loss of use of or access to the funds due, owing and sued for; that the willful, wanton and unreasonable attitude of defendant has caused certain severe business and financial losses”. Further alleging “that defendant’s frivolous and vindictive appeal, where no real argument on fact or law exists, has forced plaintiff to contract to spend the additional sum of Five Hundred and No/100 ($500.00) Dollars as attorney fees for the prosecution of this appeal and the payment of expenses for said appeal taken to this court, for which amount he is entitled to judgment on appeal”; plaintiff’s answer prays that the additional sum of $500 “together with interest” be awarded upon the appeal.
This demand for an additional award is asserted to be based upon Code of Practice, Article 907, which provides that the appellate court, in affirming a judgment, “may even condemn him [the appellant] to pay to the appellee, if the latter claims it by his answer, such damages as it may think equivalent to the loss which he has sustained by the delay consequent on the appeal, provided the amount of such damages shall not exceed ten per cent on the value of the amount in dispute.”
The jurisprudence under the codal article has not favored the award of damages against the appellant when upon the appeal in apparent good faith he appears in person or through counsel and urges defenses not completely frivolous, even though the appellate court finds them to be without substantial merit. We therefore do not feel that the circumstances of this appeal warrant assessment of damages upon the entire amount of the judgment.
A more serious question is presented as to the assessment of penalties for frivolous appeal from liability for the amount of $1,475.83, liability for which was admitted by defendant at the trial. (This admission of liability, reducing the amount in dispute, was the reason that the Supreme Court transferred the appeal to the present court. 237 La. 756, 112 So.2d 435.) Despite the fact that there was no dispute as to its liability for said sum, the defendant took a suspensive appeal from the entire judgment, which had the effect of suspending (following the judgment in 1957, until the present) its obligation to pay such sum undeniably due.
In our opinion damages under C. P. Art. 907 should be assessed for the appeal insofar as it suspended execution for the sum of $1,475.83, as in other instances where upon appeal no error is argued or no serious defense urged to liability for the amount for which the appellant was cast by the trial court. Tri-State Hospital, Inc. v. Reliance Industrial Life Ins. Co., La.App. 2 Cir., 191 So. 605, certiorari denied; Smith v. Most Worshipful St. John’s Grand Lodge, etc., 2 Cir., 17 La.App. 536, 135 So. 675; Times-Picayune Pub. Co. v. Jacobs, Orleans, 13 La.App. 1, 126 So. 741; Gitz v. Mason, Orleans, 3 La.App. 263. See also: Formusa v. Tessitore, La.App. Orleans, 77 So.2d 587; Mathews v. 8 Mile Post Plumb *68 ing Supplies, Inc., La.App. Orleans, 70 So. 2d. 218.
In seeking to avoid imposition of any penalty for frivolous appeal, able counsel for the defendant appellant contends (a) that the answer to the appeal was not timely filed, (b) that said answer does not specifically pray for damages under C.P. Art. 907 but instead primarily for attorney’s fees which are not allowable, and (c), alternatively, that if penalties should be awarded, they should be limited to five per cent, since the trial court judgment is already drawing legal interest at the rate of five per cent.
With regard to the first contention, plaintiff-appellee’s answer to the appeal was filed while these proceedings were lodged with the Supreme Court. Being filed prior to argument before us and also before expiration of the first three days of the session at Baton Rouge at which this appeal was heard, the answer to the appeal was timely filed. See Michel v. Maryland Cas. Co., La.App. 1 Cir., 81 So.2d 36.
With regard to the second contention, the allegations and prayer of the answer to the appeal are (while inartistic) broad enough to warrant the relief requested by the appellee. We are aware of no requirement, and cited to no authority, that the appellee must specify that the damages sought for the frivolous appeal are sought under the provisions of C.P. Art. 907, in order to entitle an appellee to such relief.
The appellant’s final contention, that the penalties should be limited to five per cent, is based upon McCoy’s Ex’rs v. Pritchard, 1839, 13 La. 428. This case held that the damages of 10% awardable under C.P. Art. 907 did not contemplate an allowance of damages which, together with interest upon the debt, would exceed the then legal maximum conventional rate of interest of 10% per annum. See Art. 2895, Civil Code of 1825, LSA-C.C. Art. 2924. Since the note there sued upon provided for five per cent per annum interest, the McCoy decision limited the penalties to an additional five per cent. •
In the McCoy decision, it was incorrectly assumed that the ten per cent penalty allowable for frivolous appeals under C.P. Art. 907, which was to be based “on the value of the amount in dispute”, was related to or governed by the maximum conventional rate per annum of interest allowable. For instance, although by Article 2924 of the Civil Code of 1870, LSA-C.C., the maximum conventional rate of interest was lowered from ten to eight per cent per annum, Code of Practice Article 907 re-enacted in the same year retained the ten per cent (not per annum, but on the amount of the debt) limitation upon the penalty allowable.
In all the recent cases above-cited in which penalties for frivolous appeal were allowed, penalties were assessed in the amount of ten per cent of the award, without reference to the circumstance that such awards also drew legal interest of five per cent per annum. See also Mauberet v. Mauberet, Orleans, 12 La.App. 553, 125 So. 886; Hutchinson Brothers, Inc. v. Blanchard, La.App. 2 Cir., 8 La.App. 134. Delays would be rewarded rather than penalized, if the penalties assessable for a frivolous and dilatory appeal were to be reduced by the amount of the legal or conventional interest allowable upon a debt, which interest usually commences from the date of indebtedness or from the date of judicial demand: the longer the prosecution of the claim was delayed, the greater would be the credit received for past-due interest thus deductible from the penalties assessable.
For the foregoing reasons, the judgment will be amended so as to award plaintiff the additional sum of $147.58 (that is, ten per cent of $1,475.83, the buyer’s undisputed liability), without interest thereupon ; and as thus amended, the judgment is affirmed.
Amended and affirmed.