LANDRY, Judge.
The sole issue presented by this appeal concerns the reasonableness of an award of attorney’s fees for services performed in collecting an open account due plaintiff herein, Dwyer Lumber Company, Inc., by defendant Murphy Lumber and Supply Co., Inc. The appeal herein is by attorney, Walton J. Barnes, who avers the existence of a verbal contract with Dwyer Lumber Company, Inc. (hereinafter referred to simply as Dwyer) pursuant to which Dwyer agreed to pay a contingent fee of 1/3 of the total sum collected (in addition to reasonable expenses). He requests that the fee of $1,000 awarded by the trial court be increased to $1,750.
Although the issue involved is simple, the chronology of events culminating in this appeal is extended as well as complicated.
It appears that in the year 1955, Dwyer employed appellant attorney to collect from defendant Murphy Lumber and Supply Co., Inc. (hereinafter referred to simply as “Murphy”) an open account on which Murphy owed a balance of $3,353.87 for merchandise, lumber and material sold the latter by the former.
Subsequent to his employment for the aforementioned purpose, appellant engaged in extensive efforts to effect amicable settlement of the account and upon such method proving ineffective he instituted suit against Murphy to reduce the Dwyer claim to judgment, said action being instituted in January, 1956. In defense of said action numerous exceptions were filed on behalf of defendant Murphy which, after trial thereof, were all overruled and the cause assigned for trial on the merits on March 12, 1956. Trial of the matter was continued to May 23, 1956, and again continued to June 15, 1956, on which latter date the case did, in fact, proceed to trial on the merits, the outcome thereof resulting in judgment in favor of Dwyer against Murphy in the amount of $3,353.87. A motion for rehearing and/or new trial filed on behalf of defendant Murphy was duly heard and denied, whereupon said defendant appealed the matter to the Supreme Court of Louisiana. In answering the appeal on behalf of Dwyer, appellant Barnes filed an elaborate brief praying that the appeal be dismissed and Dwjrer awarded damages for a frivolous appeal pursuant to the Provisions of Article 907 of the Louisiana Code of Practice.
The matter was set for argument before the State Supreme Court May 4, 1959, (which appellant attended). Subsequent thereto, namely, on June 1, 1959, 237 La. 756, 112 So.2d 435, the Supreme Court found the appeal improperly lodged therein (because of lack of jurisdictional amount) and, on its own motion transferred the appeal to this Court.
The transfer of the matter to this court necessitated appellant’s filing a brief herein and arguing the matter before this Court *21 which affirmed the judgment of the trial court in favor of Dwyer and, in addition, awarded Dwyer damages in the further sum of $147.58 for a frivolous appeal (said sum of $147.58 being 10% of the sum of $1,475.83, admittedly owed by Murphy on the trial of the case in the district court). On affirmation of the judgment of the trial court, Murphy applied to the Supreme Court for writs of review which were denied April 4, 1960.
Meanwhile, eight creditors of Dwyer having obtained judgments against Dwyer sought collection thereof by seizing all of Dwyer’s rights in and to the judgment obtained by Dwyer against Murphy. As an incident to said seizure Dwyer’s creditors sequestered (in the hands of the Sheriff of East Baton Rouge Parish) the sum of $4,-212.31 held by that official and realized from execution of the Dwyer judgment against Murphy (said judgment having increased to said sum of $4,212.31 by virtue of the penalties awarded and accumulated interest).
With matters in this state the Sheriff refused to disburse any of the funds until the priority of the various claims was first judicially determined. As a consequence of this development the judgment creditors of Dwyer filed a rule nisi to adjudicate the priority rights of the adverse claimants. Upon trial of this rule appellant Barnes contended the trial court should fix his fee in the sum of $1,750 for representing Dwyer throughout this litigation and said amount ordered paid to him by preference and priority over all other claims out of the proceeds held by the sheriff from the execution of the judgment against Murphy.
In written reasons for judgment the learned trial judge found as a fact that appellant had failed to prove the existence of a specific contract with Dwyer and proceeded to award appellant the sum of $1,000 predicated on the minimum fee schedule then in effect for the local bar association. The reasons for judgment filed by our brother below further notes that appellant Barnes in his direct testimony did not mention a contract for a contingent fee of 1/3 of the amount collected for Dwyer but only made such assertions in response to questions propounded to him upon cross examination. He further noted appellant’s admission that appellant could produce no correspondence or other corroborative evidence of such an agreement. As did the learned trial judge, we consider such testimony insufficient to prove a contract in excess of $500 under the authority of LSA-C.C. Article 2277. We hold, therefore, the trial court correctly concluded appellant’s uncorroborated testimony was insufficient to prove the existence of a specific agreement pursuant to which appellant’s client agreed to pay a fee in excess of $500 for services to be performed in collecting the debt owed by Murphy.
Under the circumstances shown appellant is entitled to have his fee fixed by the court and we now direct our attention to the reasonableness of the fee of $1,000 allotted by the trial court.
For readily obvious reasons the fixing of attorney’s fees for legal services performed must be determined in the light of the facts and circumstances of each individual case. Fees recommended by local bar associations are persuasive but not controlling.
The jurisprudence of this state is settled to the effect that each such instance has its own particular aspects and one case, therefore, does not necessarily shed much light on another. Succession of Filhiol, 123 La. 497, 49 So. 138.
Prior decisions have set forth the well reasoned rule that courts called upon to fix fees of an attorney will give consideration to the number of appearances made, the responsibility incurred, the need for the services rendered, the amount recovered, the intricacies of the facts and the law involved in the case, time and labor expended by the attorney, the results accomplished and the diligence and skill with which the *22 attorney has represented his client. Peiser v. Grand Isle, Inc., 224 La. 299, 69 So.2d 51; Peltier v. Thibodaux, 175 La. 1026, 144 So. 903.
It will be recalled that appellant commenced representing Dwyer herein more than five years ago. The suit appellant filed on behalf of Dwyer was met by many exceptions all of which he successfully defeated. After trial on the merits (which involved numerous technical aspects) appellant obtained judgment for his client in the sum of $3,353.87 and was then confronted with motions for rehearing and new trial which, through his efforts were denied. Next he was compelled to answer an appeal before the Supreme Court in which he made claim for damages for a frivolous appeal. After appellant’s briefing the matter for argument before the Supreme Court that tribunal transferred the cause to the Court of Appeal. Answering the appeal before this court, appellant successfully reurged his client’s claim for damages for a frivolous appeal and recovered an additional sum on this basis. The matter then reverted to the trial court wherein appellant was compelled to represent not only himself but the interest of his client in connection with the rule brought by the judgment creditors of Dwyer to secure disbursement of the proceeds of the judgment appellant obtained. Undoubtedly Dwyer will derive some benefit from said latter activity inasmuch as it is conceded the sum held in escrow is more than sufficient to discharge the claims of all parties and the remaining surplus will be paid over to Dwyer.
For such services we believe an award of 25% of the sum of $4,212.31 collected by appellant will adequately compensate appellant for the legal services rendered. On this basis we find that appellant is entitled to a fee in the sum of $1,053.08.
Additionally ' appellant is rightfully due the sum of $263.68 expended from his own personal ■ funds in payment of the brief printed for filing in the Supreme Court. This expenditure was made directly and solely as a result of the institution of the Dwyer suit and expressly for the benefit of the client and, as such, is recoverable as a reasonable expense. McClendon v. Chryssoverges, 10 La.App. 639, 120 So. 520, Peiser v. Grand Isle, Inc., 224 La. 299, 69 So.2d 51.
Cline v. Crescent City R. Co., 42 La.Ann. 35, 7 So. 66, cited by the attorney for the-seizing creditors of Dwyer, as holding that expenditures for printing briefs are not recoverable as costs, is inapposite to the case: at bar. Appellant is not seeking recovery of said expenditure as costs but as an expense incurred by an attorney, properly chargeable to the client and recoverable-from the proceeds of a judgment due the-client. Pursuant to the authority contained in LSA-R.S. 9:5001 appellant is entitled to' be paid the amount due him by preference- and priority over all other claims, out of the sum of $4,212.31 held by the Sheriff of East Baton Rouge in connection with this litigation.
For the reasons hereinabove set forth it is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby amended and judgment rendered herein in favor of appellant Walton J. Barnes against Dwyer Lumber Company,. Inc., in the sum of $1,316.76 and the Sheriff.' of East Baton Rouge Parish, Louisiana,, hereby ordered, directed and empowered to-pay said appellant Walton J. Barnes said sum of $1,316.76 by preference and priority out of the funds in the amount of $4,212.31 held by said Sheriff in escrow as an incident to this litigation.
It is further ordered, adjudged and decreed this matter be and the same is hereby remanded to the trial court for further proceedings consistent with the views herein expressed.
Costs of this appeal to be paid by plaintiff Dwyer Lumber Company, Inc.
Amended and remanded.